## No. 10,013.

### CHARLES A. PHILLIPI & CO. VS. THEIR CREDITORS.

A mortgage creditor of an insolvent debtor who has made a surrender which has been accepted by the creditors and a syndic elected, can not proceed by executory process against the insolvent debtor.

The syndic alone, under the direction of the creditors, can sell the property.

In order to sell it it is not necessary for the syndic to proceed to a foreclosure of the mortgage, as the property was surrendered for the purpose of sale to pay the debt. The syndic has the right to select the sheriff or any auctioneer to make the sale, or he can offer the property himself for sale, unless otherwise ordered by the creditors.

The court having jurisdiction of the insolvency, under a rule taken by the creditors to declare a mortgage debt simulated and the mortgage canceled, has jurisdiction to determine the validity of the mortgage. But it can not order the sheriff, against the wishes of the creditors, to sell the mortgage property.

Where the syndic has been dispensed with giving bond, this does not prevent the mortgage creditor from requiring him to give bond for the amount of the mortgage resting on the property to be sold. In default of giving bond the mortgage creditor, if he buys the property, has the right to retain the amount of his mortgage debt, less the amount which is necessary to pay the costs of the insolvency, which the mortgage debt has to bear.

Where the property has been surrendered and accepted, and a syndic elected, and died, the creditors can, at a meeting called to select a syndic, deliberate upon the manner of selling the property. *Contra* when the first meeting of creditors is called for the purpose of accepting the surrender and electing a syndic.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

### B. R. *Forman* for Appellant:

1. The proces verbal of meeting of creditors need not be homologated, but unless opposed in ten days stands approved. Revised Statutes, Secs. 1801 and 1802.
2. After a cession no suits can be brought against an insolvent. R. S , Secs. 1790 1800, 1801 and 1813; C, C. 2176; C. C. 2150; Laurence vs. Guice, 9 R. 219; Fabre vs McRae, 14 An. 648.
3. After the surrender a mortgagee can not seize the mortgaged property, but must be paid by the syndic. Chiapella vs. Lanusse, 10 M. 448; Wheeler vs. Stewart, 18 An. 673.

   The proper time for settling questions of privilege or mortgage, and their conflicting rank against an insolvent estate, is upon the filing of the tableau and not upon a rule to sell property and cancel mortgages. Astor vs. Saul, 4 N. S. 632; Brown vs. Saul, 4 N. S. 640; Grainer vs. Devlin, 1 La. 172; Dubois vs. Xiques, 14 An. 427.
5. The syndic, or any auctioneer selected by him, has the right to sell property surrendered and not exclusively the sheriff. R. S., Sec. 3397.
6. The syndic, and not the sheriff, must release and cancel mortgages on surrendered property, and the whole proceeds must be paid into the hands of the syndic and not retained by any creditor. R. S , Sec. 1813.

### Thos. J. *Semmes* for Appellee:

1. Title to the property of the insolvent remains in him, notwithstanding his cession, and his heirs are not estopped to claim it when it has not been sold by the syndic. 33 An. 1175; 37 An. 474.
2. In case of a pledge, the creditor can dispose of the pledged property, notwithstanding the surrender of the pledgor. 38 An. 866.
3. Creditors of an insolvent have no right to fix the terms of sale of property surrendered, except at a meeting specially called for that purpose. 40 An. 654.
4. Creditors can not dispense syndic from giving security to the extent of mortgage and privilege claims. Rev Stat., Sec, 1796.
5. Stay of proceedings, in case of cession, suspends prescription. 16 An. 306.

The opinion of the court was delivered by

McENERY, J.   Charles A. Phillipi made a surrender in the Civil District Court, January 29, 1885.

He was elected syndic without giving bond.

He was discharged from his debts by a vote of the creditors, and a judgment in accordance with the vote of the creditors was rendered.

Charles A. Phillipi died.

He never filed any account.

The creditors seem to have been indifferent until the present syndic was appointed.

Before the present syndic was appointed Cæsar Phillipi, the holder of a note for the sum of $7500, secured by special mortgage on property situated in the parish of Rapides, proceeded by executory process against the surviving widow of Charles A. Phillipi, and tutrix of his minors, to have said mortgaged property seized and sold.

After the institution of proceedings, three of the partnership creditors of C. A. Phillipi & Co. applied to the court having jurisdiction of the insolvency and procured the appointment of Charles Forman provisional syndic.

He applied to the District Court of Rapides for, and obtained an injunction restraining the sale of the mortgaged property, on the ground that the court had no jurisdiction to issue said writ, as the property constituted part of the property surrendered by the insolvent, and that the mortgage itself was a simulation.

The provisional syndic was afterward elected syndic without security and qualified without giving bond.

The syndic took a rule in the Civil District Court, parish of Orleans, which had jurisdiction of the insolvent proceedings, on Cæsar Phillipi, the plaintiff in the executory proceedings, in which he avers that the creditors, at the meeting at which they elected the syndic, Charles Forman, voted to sell the immovable property for one-third cash, balance on one and two years' credit; that the mortgage securing plaintiff's debt was a simulation, and that Phillipi was proceeding in contempt of the court to have the property sold under executory proceedings in the parish of Rapides, and prayed for the cancellation of the mortgage, and that the property be sold on the terms and conditions as voted by the creditors.

There was judgment for the defendant in rule, cumulating the executory proceedings with the insolvency, recognizing the validity of the note and the mortgage securing the same to the amount of $6000, with 8 per cent. interest per annum from 6th July, 1885, and 5 per cent. attorney's fees, that the sheriff of Rapides sell the property for cash if the mortgage creditor requires it, and in default of such demand that it be sold on terms of credit as fixed by the meeting of creditors; reserving to the mortgage creditor the right to bid in the property, and to retain the amount due him less $1000, which was to be paid over to the syndic to meet privileged claims.

From this judgment the syndic and the several creditors appealed.

The order of seizure and sale issued by the District Judge for the

District Court of Rapides at the instance of the mortgage creditor was null and void, as the court was without jurisdiction.

The property surrendered and accepted by the creditors vested in them. The syndic elected by the creditors was entitled to take possession of same, and he has the exclusive right under their direction to administer it for their benefit. Revised Statutes 1791; 18 An. 292.

All proceedings against the insolvent are stayed, and must be referred to the court having jurisdiction of the insolvency. Revised Statutes 1790; 9 Robinson, 219.

The mortgaged property situated in Rapides was therefore under the control and administration of the syndic first elected by the creditors. His death made no change in the condition of the property surrendered. It remained still vested in the creditors, to be taken possession of and administered by another syndic to be elected by them.

The creditors and the syndic before the court having jurisdiction of the insolvency took a rule on the holder of the mortgage note to have the debt and mortgage declared a simulation and the mortgage canceled. Nothing was done in the executory proceedings after the injunction was issued, and we may, therefore, omit any further reference to the same; and we will also disregard the order of the district judge in cumulating said executory with the insolvent proceedings. We will only notice those matters which were properly before the court.

The proceedings in rule originated with the creditors and the syndic, and the court in which the rule was filed had jurisdiction to inquire into and determine the validity of the mortgaged debt. All persons interested were before the court.

The District Court held that the note and mortgage were genuine obligations and valid to the extent of $6000, with 8 per cent. interest from 6th July, 1885. To recapitulate the evidence upon which he based his judgment will be unnecessary.

It is satisfactory and conclusive.

The question of prescription presented by the syndic can not prevail, as the surrender of the property and the acceptance were made in 1885. McRea vs. Creditors, 16 An. 306.

In this case the creditors had accepted the surrender made by the insolvent, and had elected a syndic. We do not think the facts

bring this case under the reasons assigned for the decree in Spears vs. Creditors, 40 An. 654.

It was not premature, therefore, for the creditors at the meeting when the second syndicate was elected to deliberate and vote upon the manner of disposing of the property. But the mortgage and privilege creditors were not bound by the proceedings which ordered the mortgaged property to be sold on terms of credit. They have the right to have the mortgaged property sold for cash for the amount of the debt secured.

Here the creditor has declared that he wishes the mortgaged property to be sold for cash to pay his debt.

This declaration was not made at the meeting of creditors, but before a court of competent jurisdiction contradictorily with the other creditors.

The judgment ordered the sheriff of Rapides to proceed with the sale of the property.

In this we think there was error, as it is the duty of the syndic to cause the property to be sold, and he can employ for this purpose either the sheriff or an auctioneer, or he may, under the directions of the creditors, sell the property himself.

There is no reason why in selling the property there should be a resort to executory process. The property was surrendered by the mortgagor and placed in possession of the creditors for sale to pay the debt. The syndic can, therefore, sell it without resorting to judicial process.

The conflict of interests among the creditors is settled when the tableau of distribution is made, the proceeds taking the place of the property.

In this case the validity of the mortgage is fixed in a judgment in proceedings instituted by all creditors contradictorily with the mortgage creditor. It only remains for the syndic to take possession of the property, pay off the mortgage debt out of the proceeds of the sale and such privileged claims in the insolvency that the mortgage debt has to bear.

The syndic has been dispensed from giving bond. He must give bond for the amount of the mortgage debt and privileged claims.

It would be unreasonable to require the creditor to surrender his secured claim into the hands of an administrator or syndic without bond.

Under the circumstances of this case we are of the opinion that unless the syndic gives the bond as required by law the mortgage creditor, if he buys the p operty, has the right to retain in his hands the amount of his debt, paying to the syndic only the amount which the mortgage debt has to bear in the payment of the costs of the insolvency.

The creditors have ordered the property to be sold. The mortgage creditor has demanded that it be sold for cash, for the amount of his debt.

It is the duty of the syndic to speedily carry out these instructions.

There is no reason for delay, and the accumulation of unnecessary costs.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, so far as it recognizes the validity of the mortgaged debt held by Cæsar Phillipi, defendant in rule, on the mortgaged property, situated in Rapides parish, and in other respects it be annulled, avoided and reversed; and it is further ordered that this case be remanded to be proceeded with according to law and the views herein expressed.

## ON APPLICATION FOR REHEARING.

WATKINS, J. From the record it appears that C. A. Phillipi & Co., residing in New Orleans, made a surrender under the State insolvent law, in the Civil Court of the Parish of Orleans, and procured the usual order staying proceedings against their persons and property.

Charles A. Phillipi was elected definitive syndic, and died without disposing of the property of the insolvents, paying their creditors or rendering an account of his gestion.

Subsequent to his death his father, Cæsar Phillipi, acquired his note of $7500 with mortgage on property situated in Rapides parish, which he proceeded to foreclose in executory proceedings inaugurated in that parish, which were arrested by an injunction obtained by a subsequently elected syndic, on the ground that the Rapides court had no jurisdiction to grant the order of seizure and sale.

At the meeting of creditors, whereat the syndic was chosen, he was dispensed from giving bond, and the property was ordered sold, notwithstanding the mortgage creditor was not given notice and did not consent to the syndic's dispensation from bond.

Subsequently the syndic took a rule on Cæsar Phillipi to show cause why his mortgage should not be held and decreed to be a simulation, wholly without consideration and void, and the record thereof canceled and erased; and, further, to show cause why the property should not be sold on the terms fixed by the meeting of creditors, that is to s y, one-third cash, and the remainder on one and two years' credit.

This rule was served on Phillipi.

A trial was had, evidence *pro et con* adduced, and judgment rendered maintaining the *reality* of the debt and mortgage, annulling the decision of the meeting of creditors fixing the terms of sale, cumulating the executory proceedings with those of the insolvency, and directing sale to be made by the sheriff of Rapides for cash, if the mortgage creditor should require it, saving to him the right to retain the proceeds of sale to the amount of his debt, less his *pro rata* share of costs.

Our opinion and decree maintains the authority of the syndic and the jurisdiction of the court of the insolvency to order sale, and the want of jurisdiction in the court of Rapides parish over the property of the insolvent. They annul the judgment so far as it empowers the sheriff of Rapides parish to proceed with the sale, but they affirm the judgment in so far as it maintains the debt and mortgage of Cæsar Phillipi and recognizes his right to require a sale for cash. They supplement the relief accorded hi n by requiring the syndic to furnish bond, or, in the alternative, by permitting the mortgage creditor to buy in the mortgage property and retain the proceeds up to the amount of his debt, less his proportionate share of costs.

The theory on which the opinion proceeds is, that the simulation *vel non* of the mortgage can be legally determined on rule, contradictorily, between the syndic and the apparent mortgage creditor, though the *conflicting* interests of creditors must be subsequently adjusted when the assets of the insolvents are marshaled for distribution upon a tableau of classification *in concursu*.

The complaint made of our opinion is, chiefly, that the court erred in passing on the question of simulation "in a rule taken by the syndic to sell property and erase the inscription of a mortgage;" but the record shows that the rule of the syndic distinctly and especially attacks the mortgage as being simulated and without consideration; and on that ground it demands its cancellation from the mortgage

records of Rapides parish, as interfering with the sale proposed, and authority to make which the syndic asks.

That was the *principal issue* tried and decided in the court below. It is the principal issue on this appeal, which is prosecuted by the syndic in behalf of all, joined by certain creditors of the insolvent.

At this stage of the proceedings it would be rather an easy-going way of getting rid of the mortgage to have this court retrace its steps and say it has no *power* to render such a judgment.

But we are of the opinion that the court has the power, and properly exercised it on the syndic's own invitation.

Standing as he was in the presence of a mortgage, apparently 'securing a large indebtedness of one of the insolvents, resting upon his sole *available* asset, how could he hope to have realized anything from the proceeds thereof, for account of *ordinary* creditors, without first procuring its erasure?

How could he have reasonably expected to carry out the direction of the meeting of creditors to sell the property on terms of *credit* the mortgage creditor receiving no notice and having taken no part therein—without first having the mortgage declared a simulation?

The fact of the syndic having raised such an issue is a conclusive admission of its necessity.

The syndic represented *all* creditors, and several have joined in the appeal, and are concluded *quoad hoc* by the judgment rendered

In Chapoton vs. Her Creditors, 44 An. 350, one of the principal questions was the capacity of a syndic to prosecute the *revocatory* action for the annulment of a mortgage, and stand in judgment for the mass of creditors, some of the creditors and the mortgagee excepting and resisting his right and capacity; but we maintained the syndic's power and authority. In the course of our opinion in that case, the question presented here was considered as settled adversely to the syndic's present contention.

The *proces verbal* of the meeting of creditors, whereat the present syndic was elected, is in the record and was formally offered in evidence by the plaintiff in rule, and it shows no notice to Cæsar Phillipi and no appearance by him. It also shows that the aggregate amount of the claims of all creditors present and voting for syndic was only $4318.68, whereas the claim of Cæsar Phillipi is $6000 in capital alone, and was, manifestly, not taken into consideration. Notwithstanding this fact the *proces verbal* states that the syndic was

dispensed from giving bond, while the law is that "the syndic shall *always* be bound to give security for the amount of the mortgage and privileged claims." Revised Statutes, Sec. 1796.

We are called upon by the rule to consider the directions of the meeting of creditors in respect to a sale being made for *cash*, in connection with his prayer for the cancellation of Cæsar Phillipi's mortgage as simulated and void; and finding the mortgage to be real and valid, we do not feel at liberty to approve the finding of the meeting of creditors, or to make an order for the sale of the property mortgaged except upon the condition that the syndic furnish security, which shall take the place of the security of the hypothecated property. Such relief is the *necessary incident* of our decree directing sale for cash to be made.

A careful consideration of the record has confirmed us in the correctness of our original conclusions. Rehearing refused.